**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14327-CIV-MARTINEZ**

RAYMOND PIERRE,

Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR; *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Raymond Pierre's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* [ECF No. 3]). Respondents filed their Response on September 3, 2026 (the "Response") [ECF No. 5], and Petitioner filed a Reply on September 6, 2026 (the "Reply") [ECF No. 7]. The Court has considered the briefing, the record, and applicable law, and is otherwise fully advised. For the following reasons, the Petition is **GRANTED in part**.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti. (Resp., 1). On or about February 18, 2023, Petitioner applied for admission to the United States at the Camino Real International Bridge in Eagle Pass, Texas. (*Id.*). On that day, Petitioner was paroled into the United States until February 17, 2024. (*Id.*). On April 29, 2023, Petitioner filed his asylum application with the United States Citizenship and Immigration Services, which remains pending. (Pet., ¶ 42).

On or about August 20, 2026, Petitioner was arrested following a traffic stop in Vero Beach, Florida. (Resp., 2). A Form I-200, Warrant for Arrest of Alien, and Immigration Detainer was issued by Immigrations and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO"). (*Id.*). On August 23, 2026, Petitioner was transferred into ICE ERO custody and is currently detained. (*Id.*).

## II. DISCUSSION

Petitioner asks the Court to order his immediate release from custody or, in the alternative, order a bond hearing where the government bears the burden of proof based on clear and convincing evidence. (*See* Reply, 6–7).

Petitioner asserts that his detention without a pre-deprivation hearing violates due process. (Pet., 13). Respondents contend Petitioner is subject to mandatory detention because he is an arriving alien. (*See generally* Resp.). Respondents attempt to distinguish the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) by explaining that the petitioners in that case were aliens who entered without inspection, not parolees like Petitioner. (Resp., 6). Respondents contend that, pursuant to 8 U.S.C. § 1182(d)(5)(A), after Petitioner's parole expired on February 17, 2024, Petitioner was returned to the status of an applicant for admission seeking admission into the United States such that mandatory detention is lawful. (*See* Resp. 5.); *see also* 8 U.S.C. § 1182(d)(5)(A) (stating that when an alien's parole is terminated, the alien "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States").

While the expiration of § 1182(d)(5)(A) parole returns the parolee "to the custody from which he was paroled," courts across this country have held that the expiration of § 1182 parole

does not require treating the alien has if he had never been paroled in the first place. *See Daniel Sylvaince v. Warden, Miami Federal Detention Center FDC, E.K. Carlton, et al.*, No. 26-CV-23991-RAR, 2026 WL 2568522, at *3 (S.D. Fla. Aug. 31, 2026); *see also Zaga Tawil v. Cardinal*, No. 26-22521, 2026 WL 2198539, at *5 n.2 (S.D. Fla. July 30, 2026) (collecting cases). Instead, these courts reason that "[s]ection 1182(d)(5)(A) suggests that rather than reverting to any prior status, a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Rodriguez Valencia v. Noem*, No. 26-cv-00297, 2026 WL 730318, at *5 (M.D. Fla. Mar. 16, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 302 (E.D.N.Y. 2025)).

Accordingly, "based on the border-interior distinction instantiated in § 1225 and § 1226, an alien like Petitioner—who is re-detained in the interior after living in the United States for years—is properly re-detained only under § 1226(a)." *Zaga Tawil*, 2026 WL 2198539, at *5 n.2. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition [ECF No. 1], is **GRANTED in part**.

2. Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **September 18, 2026**.

3. **On or before September 22, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

4. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

5. The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 15 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record